UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RODNEY C. COMPTON, JR.,

       Defendant-Movant,

v.

UNITED STATES OF AMERICA,

       Plaintiff-Respondent.

_____/

Case No. 1:25-cv-1240

Honorable Paul L. Maloney

**OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Rodney C. Compton, Jr. ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1) In an order (ECF No. 12) entered on October 22, 2025, the Court directed Defendant to show cause, within 28 days, why his § 2255 motion should not be dismissed as untimely. More than 28 days have passed, and Defendant has not filed a response to the Court's order to show cause. Because Defendant has failed to demonstrate cause to excuse his untimely § 2255 motion, the Court will dismiss the § 2255 motion as untimely for the reasons set forth below.

I.    **Background**

On December 10, 2019, the Government filed a Criminal Complaint charging Defendant with conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine, cocaine base, heroin, and 3, 4-methylenedioxymethamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. *See* Crim. Compl., *United States v. Compton*, No. 1:20-cr-7-

5 (W.D. Mich.) (ECF No. 1). After Defendant's arrest, attorney Daniel R. Fagan was appointed to represent him.

On February 5, 2020, a grand jury returned a Superseding Indictment in which Defendant was charged with: (1) conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, heroin, fentanyl, ecstasy, and marijuana, in violation of 21 U.S.C. §§ 841 and 846; and (2) two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Superseding Indictment, *id.* (ECF No. 147). On February 10, 2020, the Government filed an Information and Notice of Felony Drug Offense Conviction, noting that Defendant had three prior controlled substances convictions that would subject him to enhanced penalties if he were found guilty of any of the counts against him set forth in the Superseding Indictment. *See* Information, *id.* (ECF No. 155).

On April 6, 2020, the Government filed a signed plea agreement in which Defendant agreed to plead guilty to Count One, the conspiracy charge. *See* Plea Agreement, *id.* (ECF No. 199). Defendant appeared before Magistrate Judge Ray Kent for his change of plea hearing on May 28, 2020. Magistrate Judge Kent issued a Report and Recommendation recommending that Defendant's guilty plea be adopted, and the Court adopted that recommendation. *See* R&R and Order, *id.* (ECF Nos. 206, 227).

Prior to sentencing, the Probation Officer who prepared Defendant's Presentence Investigation Report (PSR) determined that Defendant's criminal history score of eight placed him under criminal history category IV. *See* PSR, *id.* (ECF No. 251, PageID.1009). Defendant faced a mandatory minimum of ten years, and a maximum of life. *See id.* (ECF No. 251, PageID.1024). Defendant's guidelines called for 188 to 235 months of incarceration. *See id.* On September 8,

2020, the Court sentenced Defendant to 100 months of incarceration. *See* J., *id.* (ECF No. 263).

Defendant did not appeal to the United States Court of Appeals for the Sixth Circuit.

On August 11, 2025, Defendant filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 in the United States District Court for the Central District of California. (ECF

No. 1.) In an order (ECF No. 6) entered on September 3, 2025, the Central District noted that

because Defendant was challenging the validity of his sentence, the proper vehicle for him to do

so was a § 2255 motion, not a § 2241 petition. (*Id.*, PageID.18.) The Central District of California

ordered Defendant to show cause as to why his petition should not be dismissed for lack of

jurisdiction or, alternatively, transferred to this Court for further proceedings. (*Id.*, PageID.20.)

Defendant did not respond. Accordingly, in an order (ECF No. 7) entered on October 14, 2025,

the Central District of California transferred the petition to this Court.

This Court has construed Defendant's petition to be a motion brought pursuant to § 2255.

Defendant raises the following ground for relief in his § 2255 motion:

> I.    PSR Presentence Report Calculation/Cases are no longer on my record.
> Before I was sentence[d] to 100 months on [September 8, 2020], I was
> giv[e]n a presentence report which is called a PSR in which they calculate
> your criminal history with points. I was giv[e]n 4 points for 4 separate
> possession of marijuana cases. These cases are no longer on my record,
> therefore my PSR should be re-calculated and I should be re-sentence[d].

(§ 2255 Mot., ECF No. 1, PageID.3.)

## II.    Statute of Limitations

Under § 2255(f), a one-year limitations period applies to § 2255 motions, and that period

starts to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental
> action in violation of the Constitution or laws of the United States is removed, if
> the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.    Timeliness Under § 2255(f)(1)

As noted above, the Court sentenced Defendant on September 8, 2020, but did not enter the judgment of sentence until September 9, 2020. Defendant did not appeal his conviction and sentence to the Sixth Circuit. Accordingly, for purposes of § 2255(f)(1), Defendant's judgment of conviction became final on the date the time for filing a direct appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). That 14-day period expired on Wednesday, September 23, 2020. Thus, Defendant had one year from September 23, 2020, or until Thursday, September 23, 2021, to file a timely § 2255 motion.

Under Sixth Circuit precedent, a § 2255 motion is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Defendant avers that he placed his § 2255 motion in the prison mailing system for mailing to the Central District of California on August 4, 2025. (§ 2255 Mot., ECF No. 1, PageID.5.) The § 2255 motion, therefore, is deemed filed as of that date. Thus, under § 2255(f)(1), Defendant's § 2255 motion is untimely by almost four years.

### B.    Belated Commencement Under § 2255(f)(2)–(4)

As set forth above, § 2255(f)(2)–(4) permit belated commencement of the limitations period under certain circumstances. Here, Defendant does not assert that he was impeded in filing his § 2255 motion in a timely manner by any governmental action, nor does he suggest that he is

relying upon a new right recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Accordingly, the Court sees no basis for belated commencement of the limitations period under § 2255(f)(2) & (3).

Section 2255(f)(4) provides that the limitations period begins on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). This standard "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (internal quotation marks omitted) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)). Moreover, the question is "not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Rucker v. Genovese*, 834 F. App'x 126, 127 (6th Cir. 2020). The burden of demonstrating due diligence falls on the petitioner. *See Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (quoting *DiCenzi*, 452 F.3d at 471).

Here, Defendant contends that he is entitled to resentencing because the four prior convictions for possession of marijuana for which he was assigned criminal history points are "no longer on [his] record." (§ 2255 Mot., ECF No. 1, PageID.3.) In its October 22, 2025, order, the Court noted that it could not conclude that Defendant was entitled to belated commencement under § 2255(f)(4) at that time because Defendant had "provide[d] no facts regarding when these prior convictions were allegedly removed from his record, nor [did] he provide any facts regarding when he learned of their alleged removal." (ECF No. 13, PageID.35.) As set forth above, Defendant has failed to respond to the Court's October 22, 2025, order. Defendant, therefore, has not met his burden of demonstrating the requisite due diligence to be entitled to belated commencement under § 2255(f)(4). *See Johnson*, 457 F. App'x at 468 (quoting *DiCenzi*, 452 F.3d at 471).

**C.    Equitable Tolling**

The one-year limitations period applicable to § 2255 motions may be equitably tolled. *See United States v. Asakevich*, 801 F.3d 418, 420–21 (6th Cir. 2016). Equitable tolling, however, is applied "sparingly and 'only if two requirements are met.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). To be entitled to equitable tolling, a movant must show that he diligently pursued his rights, and he must show that some extraordinary circumstances prevented him from timely filing his § 2255 motion. *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). The Supreme Court has explained that the diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016).

Defendant has not raised any arguments regarding equitable tolling. The fact that Defendant is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Moreover, the United States Court of Appeals for the Fifth Circuit has found "no reason to differentiate equitable tolling from diligence under § 2255(f)(4)." *See United States v. Rodriguez*, 858 F.3d 960, 963 n.4 (5th Cir. 2017); *see also Badillo v. United States*, No. 2:11-cv-354, 2013 WL 2297172, at *4 (M.D. Ala. Apr. 30, 2013) ("Suffice it to say, however, that the same failure to demonstrate the due diligence required by § 2255(f)(4) prevents [the defendant] from availing himself of the benefits of equitable tolling."). As discussed *supra*, Defendant has not demonstrated

7

that he diligently pursued his rights. Additionally, Defendant has not cited any extraordinary circumstances that prevented him from timely filing his § 2255 motion. Thus, the Court cannot conclude that Defendant is entitled to equitable tolling of the limitations period.

### D.      Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). The showing must be based on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

Actual innocence, however, "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Defendant offers no new evidence of actual innocence. Instead, Defendant asserts that he is entitled to resentencing on the basis that his prior convictions for possession of marijuana are no longer included on his criminal record. Thus, because Defendant does not provide any evidence to meet the standard under *Schlup*, it does not appear that actual innocence applies to excuse Defendant's untimely filing.

8

In sum, Defendant's § 2255 motion is untimely under § 2255(f)(1). Moreover, Defendant has not demonstrated entitlement to belated commencement of the limitations period under § 2255(f)(2)–(4), equitable tolling, or excusing the limitations period because of actual innocence. Furthermore, because Defendant's motion is untimely, there is no need for the Court to conduct an evidentiary hearing.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard.

Under *Slack*, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable that Defendant's § 2255 motion is untimely. Therefore, a certificate of appealability will be denied and the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing

of the denial of a constitutional right, the Court does not conclude that any issue Defendant might

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DISMISSED AS UNTIMELY**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir.

2013) (requiring a separate judgment in habeas proceedings).


Dated:   December 5, 2025                            /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge